## R. E. SAVAGE ET AL. *v.* LACLEDE BANK.

BILL OF EXCHANGE. *Action of indorsee against acceptor. Set-off. Section 1124, Code 1880.*

Under § 1124 of the Code of 1880, the acceptor, when sued upon a bill of exchange by the last indorsee thereof, cannot set off against the same an account acquired against an intermediate indorser while the bill was held by the latter. This statute, which gives the defendant sued upon "any such assigned bill of exchange the benefit of all set-offs had against the same previous to notice of the assignment, as though the suit had been brought by the payee," has reference only to set-offs against the party with whom the defendant dealt.

APPEAL from the Circuit Court of Madison County.

HON. T. J. WHARTON, Judge.

J. R. Powell and W. H. Powell drew a bill of exchange in favor of W. H. Powell for two hundred and fifty-three dollars and thirty-five cents upon R. E. Savage and Robert Powell, and the same was duly accepted by the drawees. W. H. Powell indorsed the bill to H. Moorman, who subsequently indorsed it to the Laclede Bank, of St. Louis, Missouri; but while it was owned and held by Moorman he became indebted to W. H. Powell in the sum of two hundred and fifty dollars by open account, and before he had transferred the bill to the Laclede Bank W. H. Powell assigned his account to J. R. Powell, R. E. Savage, Robert Powell, and himself.

The Laclede Bank sued R. E. Savage and Robert Powell, the acceptors, upon this bill of exchange, and the defendants plead the general issue and gave notice of their purpose to set off the account above referred to against the plaintiff's demand. A jury was waived and the case was tried by the judge, who refused to allow the offset claimed and gave judgment for the plaintiff for the full amount due on the bill of exchange.

*W. H. Powell* and *Smith & Powell,* for the appellants.

The offset held by the defendants was admitted by plaintiff to be a *bonâ fide* claim, and that they acquired such offset while said Moorman owned said bill of exchange.

Moorman was the original creditor of W. H. Powell, Robert Powell, J. R. Powell, and R. E. Savage, and, while such creditor, W. H. and Robert and J. R. Powell and R. E. Savage acquired said offset; hence the offset should not have been rejected by the court. See Code of 1880, § 1124, p. 330.

This in law being a valid offset to the bill of exchange held by said Moorman, which offset was owned by W. H. Powell, Robert Powell, J. R. Powell, and R. E. Savage, it was not in the power of the Laclede Bank, the assignee of said Moorman, to deprive them of such offset by only suing Robert Powell and R. E. Savage, only two parties to said bill of exchange.

*R. C. Smith,* of counsel for the appellants, argued the case orally.

*Calhoon & Green,* for the appellee.

1. A set-off held by the acceptors of a bill of exchange against an *intermediate indorsee* cannot be set up by them in an action brought against them by a subsequent indorsee. *Etheridge* v. *Gallagher,* 55 Miss. 458; *Hibernian* v. *Everman,* 52 Miss. 507; *Maury* v. *Jeffers,* 4 S. & M. 87; Byles on Bills 169–170 and notes.

2. The set-off being owned, as the proof shows, by J. R. Powell, W. H. Powell, Robert Powell, and R. E. Savage, could not be set-off in an action brought against Robert Powell and R. E. Savage only. There was no mutuality. *Moody* v. *Willis,* 41 Miss. 347; Waterman on Set-off, §§ 229 *et seq.* and 245 *et seq.*

*S. S. Calhoon* and *M. Green,* counsel for appellee, argued the case orally.

COOPER, J., delivered the opinion of the court.

If the claim filed by the defendants as a set-off belonged to them, and not to them jointly with other persons not sued, it could not be availed of in this action. The bill of exchange sued on is payable to the order of W. H. Powell and was by him indorsed to Moorman, who indorsed it to the plaintiff. The debt attempted to be set off is not one due by the payee, but by Moorman, the indorser. The statute, Code of 1880, § 1124, declares, "And in all actions on any such assigned promissory note, bill of exchange, or other writing for the payment of money or other thing, the defendant shall be allowed the benefit of all want of lawful consideration, failure of consideration, payments, discounts, and set-offs made, had, or possessed against the same previous to notice of assignment in the same manner as though the suit had been brought by the payee."

The purpose of this statute is to give the defendant the benefit of any of the defenses enumerated which exist in his hands as against the party with whom he dealt, against the note or writing in the hands of a subsequent holder; but it would be extending the scope of the provision far beyond its terms and beyond the evil intended to be remedied to construe it as· authorizing a set-off held against a remote indorser to be interposed against a subsequent holder of the paper.

A like statute in Alabama received this construction at an early day in that State. *Stocking* v. *Toulmin,* 3 Stew. & Porter 35.

*Judgment affirmed.*